UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CARLA MILLER,                                                          No. 13-11539

Debtor(s).
_____/

Memorandum on Motion to Dismiss
_____

Debtor Carla Miller filed her Chapter 7 petition on August 8, 2013.  Her original bankruptcy schedules, written in her own hand, indicated that although she was self-employed in the jewelry business she had no inventory and only between $6,000 and $7,000 in personal jewelry and furs.  She also scheduled her real property as being worth $1,550,000.  At that figure, there was no equity.

Questioning by Chapter 7 trustee Linda Green at the meeting of creditors revealed that the schedules were false.  Miller failed to disclose a substantial jewelry inventory which she now admits is worth $50,000 at wholesale values.  Investigation by Green led her to believe Miller had undervalued her real property.  Miller now says the property is worth $2,300,000.

Miller now seeks to have her bankruptcy case dismissed, citing as "cause" her reliance for advice on a business she says was practicing law without a license.  It is clear to the court that Miller's motive in seeking dismissal is because Green discovered that the schedules were false, not because of any honest mistake in filing the case.  Materially false schedules are evidence of bad faith.  Even when there is a statutory right to dismiss, that right may be forfeited if the debtor has engaged in bad faith conduct.  *In re Rosson,* 545 F.3d 764. 774 (9th Cir. 2008).  There is no statutory right to dismiss a Chapter 7 case, making the burden much heavier on a debtor seeking dismissal.

Miller argues that since her creditors would be placed in the same legal position as they were

1

before her filing the court must dismiss her case. While this is generally the case, the court in *Rosson* clearly established that a debtor can forfeit the right to dismissal by bad faith conduct. Although the court in *Rosson* dealt with dismissal of a Chapter 13 case, if a statutory right to dismiss can be lost by bad faith conduct then certainly such conduct is a proper consideration where dismissal is discretionary.

Moreover, dismissal would prejudice the right to compensation of the trustee, her counsel and her real estate broker. Right now, they have a right to be paid out of the proceeds of the estate pursuant to § 330(a)(1) of the Bankruptcy Code after a simple notice and a hearing and approval of this court. Dismissal would leave them to their state court rights, which are far less convenient for them, and would force them to incur collection expenses as well.

Nothing in Miller's pleadings or her declaration or her address to the court convinces the court that there are equitable considerations militating in favor if dismissal. To the contrary, the court found her intelligent, calculating and undeserving of sympathy. She underestimated the seriousness of a bankruptcy filing and the diligence of a bankruptcy trustee. There is no equity in allowing her to escape the consequences of her actions.

Included within the motion is a request for conversion to Chapter 11 if dismissal is not granted. However, bad faith conduct is a bar to conversion as well as dismissal. *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 127 S.Ct. 1105 (2007).

For the foregoing reasons, Miller's motion will be denied. Counsel for Green shall submit an appropriate form of order.

Dated: October 10, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

2